UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

—————————————————————————

STACEY G. *o/b/o* J.E.Z.,

              Plaintiff,

      v.

COMMISSIONER OF SOCIAL
SECURITY,

            Defendant

—————————————————————————

**DECISION AND ORDER**

1:22-CV-00863 CDH

## INTRODUCTION

Plaintiff Stacey G. ("Plaintiff") seeks review of the final decision of the Commissioner of Social Security ("the Commissioner" or "Defendant") denying her application for supplemental security income ("SSI") on behalf of her minor son, J.E.Z. ("Claimant"), pursuant to Title and XVI of the Social Security Act (the "Act"). (Dkt. 1). Under Rules 5 through 8 of the Supplemental Rules for Social Security Actions Under 42 U.S.C. § 405(g) and Local Rule of Civil Procedure 5.5(d), the matter has been presented for decision by the parties' filing of motions for judgment on the pleadings. (*See* Dkt. 10; Dkt. 13; Dkt. 14). For the reasons that follow, the Court denies Plaintiff's motion and grants the Commissioner's motion.

## BACKGROUND

On May 19, 2020, Plaintiff protectively filed an application for SSI on behalf of J.E.Z. (Dkt. 6 at 17, 72).[1] The application was initially denied on September 4, 2020,

---

[1]     In referencing the administrative transcript, the Court has referred to the page numbers generated by CM/ECF and found in the upper right corner of the documents.

- 1 -

and on reconsideration on October 30, 2020. (*Id*. at 17, 98-105, 123-34). Plaintiff requested a hearing before an administrative law judge ("ALJ") (*id*. at 135), which was held on July 26, 2021 (*id*. at 32-60). On August 6, 2021, the ALJ issued an unfavorable decision. (*Id*. at 14-31). Plaintiff sought review from the Appeals Council, which denied her request on September 12, 2022. (*Id*. at 5-10). This action followed. (Dkt. 1).

## LEGAL STANDARD

### I.    Administrative Determination of Disability

An individual under the age of eighteen is disabled, and thus eligible for SSI benefits, if he or she has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months." *Felicia A. o/b/o O.A. v. Comm'r of Soc. Sec.*, No. 5:23-CV-668, 2024 WL 3696293, at *2 (N.D.N.Y. Aug. 7, 2024); *see* 42 U.S.C. § 1382c(a)(3)(C)(i). The Social Security Administration's ("SSA") regulations establish a three-step, sequential evaluation that an ALJ follows in determining whether a child is disabled within the meaning of the Act. *See Felicia A.*, 2024 WL 3696293, at *2; 20 C.F.R. § 416.924. At step one, the ALJ determines whether the child has engaged in substantial gainful work activity. 20 C.F.R. § 416.924(b). If the child has not, the ALJ continues to step two and determines whether the child has an

impairment, or combination of impairments, that is "severe" within the meaning of the Act. *Id*. § 416.926(c).

If the child has at least one severe impairment, the ALJ proceeds to step three. There, the ALJ determines whether the child's impairment or impairments meet or medically or functionally equal the criteria of the impairments listed in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id*. § 416.924(d). If the child has an impairment that both meets or medically or functionally equals a Listing and satisfies the Act's durational requirement, *see id*. § 416.909, then the child will be found disabled, *see id*. § 416.924(d)(1).

"Analysis of functionality is informed by consideration of how a claimant functions in six main areas referred to as 'domains.'" *Michelle F. on behalf of I.M.U. v. Comm'r of Soc. Sec.*, No. 5:21-CV-0350 (DEP), 2022 WL 4482756, at *3 (N.D.N.Y. Sept. 27, 2022). The domains are "broad areas of functioning intended to capture all of what a child can or cannot do" and include: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1). Functional equivalence to a Listing is established by finding an "extreme" limitation in any one domain, or a "marked" limitation in at least two domains. *Id*. § 416.926a(a). An extreme limitation is one that "interferes very seriously with [the child's] ability to independently initiate, sustain, or complete activities." *Id*. § 416.926a(e)(3)(i). A marked limitation is one

- 3 -

that "interferes seriously with [the child's] ability to independently initiate, sustain, or complete activities." *Id.* § 416.926a(e)(2)(i).

## II.    Review by the Court

The Court has jurisdiction under 42 U.S.C. § 405(g) to review the Commissioner's final decision denying an application for SSI. It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation omitted). Instead, in performing its review, the Court is "limited to determining whether the [Commissioner's] conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (citation omitted). If the Commissioner's findings of fact are supported by substantial evidence, they are "conclusive." 42 U.S.C. § 405(g). In other words, "[i]f there is substantial evidence to support the determination, it must be upheld." *Selian*, 708 F.3d at 417.

"Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation omitted). However, "[t]he deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003).

## DISCUSSION

### I.    The ALJ's Decision

The ALJ applied the three-step, sequential evaluation described above in determining whether Claimant was disabled. Before proceeding to step one, the ALJ found that Claimant was an adolescent on the date the application was filed and at the time of the ALJ's decision. (Dkt. 6 at 18).

The ALJ found at step one that Claimant had not engaged in substantial gainful activity since May 19, 2020, the application date. (*Id.*). The ALJ found at step two that Claimant had the following severe impairments: "asthma, attention deficit hyperactivity disorder, obesity, encopresis, adjustment disorder with anxious mood, other specified trauma/stressor related disorder[.]" (*Id.*).

The ALJ found at step three that Claimant did not have an impairment or combination of impairments that met or medically equaled the severity of any of the Listings. (*Id.*). The ALJ further found that Claimant did not have an impairment or combination of impairments that functionally equaled the severity of the Listings. (*Id.* at 20). The ALJ based this conclusion on her assessment that Claimant had a marked limitation in the domain of attending and completing tasks and a less than marked limitation in the domains of acquiring and using information, interacting and relating with others, moving about and manipulating objects, caring for oneself, and health and physical well-being. (*Id.*).

The ALJ ultimately concluded that Claimant had not been disabled, as defined in the Act, since May 19, 2020, the date of the application. (*Id.* at 27).

**II.    The Commissioner's Final Determination is Supported by Substantial Evidence and does not Contain a Reversible Legal Error**

Plaintiff argues that the ALJ failed to adequately explain why she "rejected the disability-supporting opinion of Claimant's sixth grand teacher," and that this error warrants vacatur and remand. (*See* Dkt. 10-1 at 1). The Court is unpersuaded by this argument, for the reasons set forth below.

The Commissioner's regulations require an ALJ to "consider all the evidence . . . receive[d] from [a child's] school, including teacher questionnaires, teacher checklists, group achievement testing, and report cards." 20 C.F.R. § 416.924a(b)(7)(ii). Teacher questionnaires "are nonmedical opinions, because they are not 'statements from acceptable medical sources that reflect judgments about the nature and severity of Claimant's impairment(s)." *Tina T. o/b/o J.J.W. v. Comm'r of Soc. Sec. Admin.*, No. 5:23-CV-00500 (GTS/TWD), 2024 WL 4463298, at *5 (N.D.N.Y. Apr. 19, 2024) (alteration omitted and quoting 20 C.F.R. § 416.972(a)(1)), *adopted*, 2024 WL 4132200 (N.D.N.Y. Sept. 10, 2024). In assessing such opinions, "[a]n ALJ must 'explain the weight given to opinions from these sources or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the ALJ's reasoning." *Id.* (alteration omitted and quoting 20 C.F.R. § 416.972(f)(2)).

In this case, Claimant's sixth-grade teacher, Michele Dolce, completed a teacher questionnaire on July 20, 2020. (Dkt. 6 at 460-67). Ms. Dolce noted that she had known Claimant for six months and saw him for approximately one and a half hours per day on school days. (*Id.* at 460). She opined that Claimant had an obvious,

serious, or very serious problem in seven out of the ten tasks listed on the questionnaire under the domain of Acquiring and Using Information, and no problem or a slight problem in three out of the ten tasks. (*Id.* at 461). She opined that Claimant had an obvious, serious, or very serious problem in nine out of the 13 tasks listed on the questionnaire under the domain of Attending and Completing Tasks, and no problem or a slight problem in four out of the 13 tasks. (*Id.* at 462). She opined that Claimant had an obvious, serious, or very serious problem in two out of the 13 tasks listed on the questionnaire under the domain of Interacting and Relating with Others, and no problem or a slight problem in 11 out of the 13 tasks. (*Id.* at 463). She opined that Claimant had no problems in the domain of Moving About and Manipulating Objects. (*Id.* at 464). She opined that Claimant had an obvious problem in four out of the ten tasks listed on the questionnaire under the domain of Caring for Himself or Herself, and no problem or a slight problem in six out of the ten tasks. (*Id.* at 465).

The ALJ considered Ms. Dolce's opinion in assessing whether Claimant was disabled and found it to be partially persuasive. (*Id.* at 26). The ALJ noted that Ms. Dolce had known Claimant for only six months and that her opinion was not consistent with later evidence showing some improvement. (*Id.*). The ALJ cited in particular to the opinion of Claimant's seventh-grade special education teacher, Laura LeBaron, who completed a questionnaire on June 16, 2021. (*Id.* at 26, 284-91). Ms. LeBaron, who indicated that she had known Claimant for 10 months as of the date of her opinion (*id.* at 286), generally opined that Claimant had less serious problems than those identified by Ms. Dolce, although Ms. LeBaron identified two

tasks in the domain of Moving About and Manipulating Objects with which she opined Claimant had a very serious problem (*id.* at 286-88). The ALJ also cited the opinion of Claimant's sixth-grade special education teacher[2], who indicated that she had known Claimant for seven months and saw him for two hours every school day. (*Id.* at 452). The sixth-grade special education teacher, like Ms. LeBaron, generally identified less serious problems than Ms. Dolce, except in the domain of Moving About and Manipulating Objects. (*Id.* at 453-56).

The Court finds no error in the ALJ's assessment of Ms. Dolce's opinion. The ALJ appropriately considered the consistency of Ms. Dolce's opinion with the other evidence of record and "[i]t is the role of the Commissioner, not the reviewing court, 'to resolve evidentiary conflicts[.]'" *Cichocki v. Astrue*, 534 F. App'x 71, 75 (2d. Cir. 2013) (quoting *Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983)); *see also Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002). Confronted with multiple teacher questionnaires opining to various levels of impairment, it was within the ALJ's discretion to weigh and choose between them. The ALJ reasonably concluded that Ms. LeBaron's and the sixth-grade special education teacher's opinions were more consistent with the overall record, including the opinion of state agency reviewing psychiatric consultant Dr. J. Meyer and Claimant's written individualized education programs. (Dkt. 6 at 25-26).

Plaintiff argues that the ALJ offered inconsistent rationales for her assessment of the evidence, because she found Ms. Dolce's opinion less persuasive based on the

---

[2]     This teacher's name is not identified in the Administrative Transcript.

length of time she knew Claimant, yet did not discount the sixth-grade special education teacher's opinion on the same basis. (*See* Dkt. 10-1 at 15). The Court is unpersuaded by this argument. First, the sixth-grade special education teacher knew Claimant for longer (seven months as opposed to six months) and saw him for a longer period each school day (two hours per day as opposed to one and a half hours per day). Assuming an average of 18 to 20 school days per month, that amounts to roughly 90 to 100 additional hours of observation time for the sixth-grade special education teacher. Second, the length of time that Ms. Dolce spent with Claimant was only one factor the ALJ took into consideration when assessing her opinion. He also considered (as discussed above) the consistency of her opinion with the other evidence of record.

In sum, the Court finds no error in the ALJ's assessment of Ms. Dolce's opinion and accordingly finds no basis to vacate or remand the Commissioner's determination.

## CONCLUSION

For the foregoing reasons, the Commissioner's motion for judgment on the pleadings (Dkt. 13) is granted, and Plaintiff's motion for judgment on the pleadings (Dkt. 10) is denied. The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

_____
COLLEEN D. HOLLAND
United States Magistrate Judge

Dated:        March 20, 2026
              Rochester, New York

- 9 -